J-S69036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL MANUEL BERMUDEZ, | |
| Appellant | No. 386 MDA 2016 |

Appeal from the Judgment of Sentence October 28, 2015
in the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0000423-2015

BEFORE:  STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 11, 2016**

Appellant, Michael Manuel Bermudez, appeals from the judgment of sentence[1] imposed on October 28, 2015,[2] following his jury conviction of three counts of robbery, five counts of criminal conspiracy, and two counts of aggravated assault.[3] We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the trial court's February 11, 2016 order denying his post-sentence motions; however, an appeal is properly taken from the judgment of sentence, not the order denying the motions.  **See Commonwealth v. Chamberlain**, 658 A.2d 395, 397 (Pa. Super. 1995).

[2] Although the court filed its sentencing order on November 2, 2015, the record reveals that it imposed Appellant's sentence in open court following a hearing on October 28, 2015.  We have amended the caption accordingly.

[3] **See** 18 Pa.C.S.A. §§ 3701(a)(1), 903(c), and 2702(a), respectively.

Appellant's co-defendant, Ronald Calderon, has raised virtually identical issues, which the trial court addressed in one opinion. (**See** Trial Court Opinion, 2/11/16). The two cases have not been consolidated, but have been listed consecutively. Because of the similarity of the issues, we will continue to treat these two cases together. Thus our memoranda in these matters, 386 MDA 2016, and in 387 MDA 2016, are also virtually identical.

We take the factual and procedural history in this matter from the trial court's February 11, 2016 opinion denying Appellant's post-sentence motion, and our review of the certified record. On December 12, 2014, Appellant was charged with one count each of robbery, conspiracy, and aggravated assault, stemming from his participation in the robbery and shooting of Conner Rivera on December 10, 2014. On February 26, 2015, the trial court consolidated Appellant's case with co-defendant Calderon for trial. On May 18, 2015, the Commonwealth filed an amended information charging Appellant with three counts of robbery, five counts of conspiracy, and two counts of aggravated assault.

On September 4, 2015, a jury trial was held. At trial, the Commonwealth presented the testimony of Rivera, who testified that on December 10, 2014, he was at the home of his paramour, Sasha Cruz. (**See** N.T. Trial, 9/04/15, at 12). At 11:00 p.m., two males forced their way into her home. Rivera testified that he had no problem identifying both men despite the fact that they wore masks, which partially obscured their faces,

and he was one hundred percent certain that the people who robbed and shot him were Appellant and Calderon. (*See id.* at 16-17, 35). He testified that he went to high school with Calderon and they were in several classes together, (*see id.* at 26-27), and while they were at school they "were okay. [They] were cool." (*Id.* at 27). Rivera further testified that he knew Appellant from school, and that he had known him for longer than he knew Calderon. (*See id.* at 27-28). He also testified that he knew Appellant from around the neighborhood, and that he and Appellant were friends. (*See id.* at 28).

After forcing their way into the apartment, the men came upstairs and demanded that Rivera show them where everything was, which he took to mean the location of the drugs and money. (*See id.* at 17-18). Rivera offered Calderon a small amount of marijuana that was in his pocket and told him that he did not have anything. (*See id.* at 19). In response, Calderon pulled out a gun. (*See id.*). Rivera then, in order to create a diversion, told Calderon there was more in a safe located in a closet on the balcony and led him to the balcony. (*See id.* at 19-20). When they were on the balcony, the men began fighting and Calderon pistol-whipped Rivera several times and then shot him in the arm. (*See id.* at 20-23).

Rivera testified that he had smoked marijuana daily and had done so earlier in the evening, but was not under the influence of marijuana at the time of the robbery. (*See id.* at 18-19). Before going to the hospital for his

injuries, Rivera hid both the marijuana and a bong because he was afraid they would get him in trouble. (*See id.* at 23-24).

Officer Brant Zimmerman, who interviewed Rivera after the shooting, testified that Rivera identified Calderon as the shooter and Appellant as the second person with him. (*See id.* at 81-82). Officer Zimmerman stated that Rivera made no mention that he used or sold marijuana during the initial interview. Officer Zimmerman also testified that he interviewed Cruz, who told him that she was not able to identify the robbers, and who denied that Rivera was involved in drug selling. (*See id.* at 84).

Following trial, the jury convicted Appellant and Calderon on all charges. On October 28, 2015, the trial court sentenced Appellant to an aggregate sentence of not less than five, nor more than twelve, years' imprisonment. On November 4, 2015, Appellant filed a post-sentence motion challenging the weight and sufficiency of the evidence. Calderon filed a similar motion on November 9, 2015. The trial court denied both motions by order and opinion entered February 11, 2016. This timely appeal followed.[4]

Appellant raises two questions on appeal.

_____

[4] Appellant filed his notice of appeal on March 3, 2016. Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on March 21, 2016. *See* Pa.R.A.P. 1925(b). The trial court issued an order on April 6, 2016, adopting the reasoning set forth in its February 11, 2016 opinion. *See* Pa.R.A.P. 1925(a).

A. Did the [t]rial [c]ourt err in ruling that the Commonwealth presented evidence at trial that was sufficient to sustain a conviction of all of the offenses charged?

B. Did the [t]rial [c]ourt err in ruling that the jury's verdict was not against the weight of the evidence so as to warrant a new trial under Pa.R.Crim.P. Rule [sic] 607?

(Appellant's Brief, at 5).

Our standard of review for a sufficiency of the evidence claim is well-established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Palo*, 24 A.3d 1050, 1054–55 (Pa. Super. 2011), *appeal denied*, 34 A.3d 828 (Pa. 2011) (citation omitted). Additionally,

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that

- 5 -

notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054–55 (Pa. 2013) (citations and emphasis omitted).

In his first issue, Appellant claims that the evidence was insufficient to support his convictions. (*See* Appellant's Brief, at 5, 9-14). However, in his argument he challenges the credibility of the victim's testimony, and argues "[a]side from the questionable identification by Mr. Rivera, there was no evidence pointing to the identity of either suspect." (*Id.* at 12). Thus, Appellant's claim concerns the weight, not the sufficiency, of the evidence. *See Palo*, *supra* at 1055. Accordingly, we will consider Appellant's first and

second issues together. Moreover, even if Appellant had properly developed a challenge to the sufficiency of the evidence, it would not merit relief.

Under the Crimes Code, a person may be convicted of aggravated assault, graded as a felony of the first degree, if she/he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1). The Code defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. The Crimes Code defines robbery as:

> **§ 3701. Robbery.**
>
> **(a) Offense defined.—**
>
> (1) A person is guilty of robbery if, in the course of committing a theft, he:
>
>          \*     \*     \*
>
> > (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
>
> > (iii) commits or threatens immediately to commit any felony of the first or second degree;
>
> > (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

18 Pa.C.S.A. § 3701(a)(1)(ii-iv). Finally,

[a] person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a).

Upon review, we would conclude that the evidence was sufficient to support Appellant's convictions of aggravated assault, robbery, and criminal conspiracy. Viewing all evidence in the light most favorable to the Commonwealth as verdict winner, as we are required to do by our standard of review, the evidence clearly establishes beyond a reasonable doubt that Appellant is guilty on all counts. *See Palo*, *supra* at 1054-55. Appellant's first claim, even if properly developed, would not merit relief.

In his second issue, Appellant claims that the trial court erred in denying his motion for a new trial because the jury's verdict was against the weight of the evidence. (*See* Appellant's Brief, at 14-17). Specifically, he argues that the evidence identifying him as involved in the shooting was contradictory and inconsistent, and that instead the evidence suggested that he was with his brother or girlfriend at the time, and that somebody else committed the crime. (*See id.* at 15-17). We disagree.

In this case, the trial court declined to upset the verdict of the jury, noting that the issue was one of credibility, and the jury was free to believe

all, part, or none of the testimony presented. It stated that while "both Calderon and [Appellant] vigorously challenged Rivera's identification at trial, and while each has proffered numerous arguments . . . why Rivera should not be believed, the ultimate decision of whether Rivera is believable was for the jury. In this case, the jury obviously found Rivera credible." (Trial Ct. Op., at 10) (unnecessary capitalization omitted).

Upon review, we conclude that the trial court did not palpably abuse its discretion in deciding that the jury's verdict was not against the weight of the evidence. *See Clay*, *supra* at 1054-55. Appellant's claims do not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016