J-S92010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARKEL JOVAN HALL, | |
| Appellant | No. 326 WDA 2016 |

Appeal from the Judgment of Sentence February 1, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000864-2015

BEFORE:  SHOGAN, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 13, 2017**

Markel Jovan Hall ("Appellant") appeals *pro se* from the judgment of sentence entered in the Court of Common Pleas of Erie County.[1]  We affirm.

Appellant and two co-defendants were arrested in connection with a home invasion that occurred on October 17, 2014.  Although an attorney was appointed for Appellant, defense counsel was permitted to withdraw and

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  In his notice of appeal and amended notice of appeal, Appellant purports to appeal from the orders denying his post-sentence motion and his motion for modification of sentence.  However, an "order denying post-sentence motions acts to finalize the judgment of sentence for purposes of appeal. Thus, the appeal is taken from the judgment of sentence, not the order denying post-sentence motions." ***Commonwealth v. Chamberlain***, 658 A.2d 395, 397 (Pa. Super. 1995).  We have amended the caption accordingly.

Appellant was permitted to represent himself after a waiver colloquy at which the trial court determined that Appellant's waiver of trial counsel was voluntary, knowing, and intelligent. N.T., 9/4/15, at 6–7. At a second waiver colloquy, Appellant orally requested stand-by counsel, and the trial court directed Appellant to file a written request for stand-by counsel. N.T., 10/29/15, at 3. Appellant complied, and, following a hearing, the trial court denied Appellant's request. N.T., 11/10/15, at 6. After a two-day trial, a jury convicted Appellant of one count each of criminal conspiracy, robbery, burglary, theft by unlawful taking or disposition, receiving stolen property, simple assault, and criminal trespass.[2] N.T., 11/13/15, at 76.

The trial court sentenced Appellant on February 1, 2016, to incarceration for an aggregate term of forty-two to eighty-four months. Appellant filed a post-sentence motion on February 2, 2016, which the trial court denied on February 3, 2016. On February 10, 2016, Appellant filed a request for modification of his sentence, which the trial court denied on February 16, 2016. Appellant filed a timely notice of appeal on March 1, 2016, and an amended notice of appeal on March 14, 2016.

Following a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998), on March 23, 2016, the trial court determined that Appellant's waiver of appellate counsel was also knowing, intelligent, and

---

[2] 18 Pa.C.S. §§ 903, 3701(a)(1)(iv), 3502(a)(1), 3921(a), 3925(a), 2701(a)(3), and 3503(a)(1)(i), respectively.

voluntary. N.T., 3/23/16, at 1–5. Accordingly, the trial court entered an order on March 24, 2016, permitting Appellant to proceed *pro se* on direct appeal.

On appeal, Appellant presents the following issue for review:

[I.] Whether the trial court erred by failing to conduct a complete and thorough, on-the-record colloquy of Appellant before allowing him to proceed to his trial pro se in violation of Pa.R.Crim.P. Rule 121, resulting in an unknowing, involuntary, and unintelligent waiver of his right to counsel under the Sixth Amendment of the United [States] Constitution and Article 1, Section 9 of the Pennsylvania Constitution?

Appellant's Brief at 7 (full capitalization omitted).[3]

Initially, we address a procedural matter. The trial court originally concluded that Appellant's issue was waived because he did not file a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Trial Court Opinion, 4/27/16, at 1. In response, Appellant alleged that he did not receive notice of the Rule 1925 order. Appellant's Brief at 9 n.1. We remanded this matter to the trial court for re-entry and proper notice of a Rule 1925(b) order. Docket Entry 87. The trial court complied. Docket Entry 88. Thereafter, Appellant filed a timely Rule 1925(b)

---

[3] We note that Appellant filed two appellate briefs: Brief for Appellant, 8/4/16; Amended Brief for Appellant, 9/9/16. The briefs are substantively the same, only the type face and formatting between the two versions are different. The Commonwealth did not file a brief in this matter.

statement, and the trial court filed a new Rule 1925(a) opinion. Docket Entries 89, 91. Therefore, Appellant's issue is ripe for review.

As the trial court observed, "[t]his appeal concerns Appellant's waiver of court-appointed trial counsel, and request for standby counsel." Trial Court Opinion, 2/3/17, at 1. We have explained:

A criminal defendant has a constitutional right, necessarily implied under the Sixth Amendment of the U.S. Constitution, to self-representation at trial. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, before a defendant will be permitted to proceed *pro se*, he or she must knowingly, voluntarily, and intelligently waive the right to counsel. *Commonwealth v. Blakeney*, 596 Pa. 510, 946 A.2d 645, 655 (2008). To ensure that a waiver is knowing, voluntary, and intelligent, the trial court must conduct a "probing colloquy," which is a searching and formal inquiry as to whether the defendant is aware both of the right to counsel and of the significance and consequences of waiving that right. *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1335–[13]36 (1995). More specifically, the court must determine the following: (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent; (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges; (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged; (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules; (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently. Pa.R.Crim.P. 121(A)(2); *Blakeney*, *supra* at 655; *Starr*, *supra* at 1335.

*Commonwealth v. Spotz*, 18 A.3d 244, 263 (Pa. 2011). If the trial court finds that the defendant's waiver is not knowing, voluntary, and intelligent after a probing colloquy, the court may deny the defendant's request to proceed *pro se*. *Starr*, 664 A.2d at 1335.

After reviewing Appellant's brief, the certified record, and relevant authority, we conclude that the trial court's opinion thoroughly addresses the issue raised on appeal and correctly concludes that the issue lacks merit. Accordingly, we affirm the judgment of sentence, and we do so on the basis of the trial court's February 3, 2017 opinion. The parties are directed to attach a copy of the trial court opinion in the event of further proceedings in this matter.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/2017