J-S29024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONTEZ VALLE | : | |
| | : | |
| Appellant | : | No. 3210 EDA 2018 |

Appeal from the Judgment of Sentence Entered October 23, 2018,
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0001174-2018

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 04, 2019**

Dontez Valle appeals from the judgment of sentence[1] entered in the Court of Common Pleas of Bucks County.   Counsel has also filed a brief and petition to withdraw pursuant to **_Anders v. California_**, 386 U.S. 738 (1967).   After careful review, we affirm and grant counsel's petition to withdraw.

---

[1] Although Valle filed his notice of appeal from the September 24, 2018 order denying post-sentence motions, the appeal is technically taken from the judgment of sentence. **_See Commonwealth v. Chamberlain_**, 658 A.2d 395 (Pa. Super. 1995) (order denying post-sentence motion acts to finalize judgment of sentence; thus, appeal is taken from judgment of sentence, not order denying post-sentence motion).   Therefore, we have amended the caption to reflect that the appeal is from Valle's October 23, 2018 judgment of sentence.

On April 21, 2018, Valle entered an open guilty plea to one count each of simple assault[2] (M2) and strangulation[3] (F2).  The charges stemmed from Valle's violent attack on his 13-year-old daughter during a public, verbal altercation.  At the time he committed the instant offenses, Valle was on state parole for an unrelated charge.  Valle was sentenced on September 19, 2018, to 3½ to 10 years' imprisonment, with credit for time served.  On September 19, 2018, Valle filed a motion to reconsider his sentence; the trial court denied the motion on September 24, 2018.  Valle filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Valle presents the following issue for our review:  "Whether the trial court abused its discretion by imposing an excessive sentence that exceeded what is necessary to protect the public and to rehabilitate [Valle.]"  Appellant's Brief, at 5.

Prior to reviewing Valle's claim, we must determine if counsel has complied with the procedural requirements for withdrawal.  In order to withdraw pursuant to **Anders**, counsel must:  (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain

---

[2] 18 Pa.C.S. § 2701.

[3] 18 Pa.C.S. § 2718.

new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. ***Commonwealth v. Hernandez***, 783 A.2d 784, 786 (Pa. Super. 2001). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under ***Anders***, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that she has made an exhaustive examination of the record and concluded the appeal is wholly frivolous. Counsel indicates that she supplied Valle with a copy of the ***Anders*** brief and a letter explaining his right to proceed *pro se*, or with privately-retained counsel, and to raise any other issues he believes might have merit.[4] Counsel's brief sets out a single issue of arguable merit and, pursuant to the dictates of ***Santiago***, explains why she believes the appeal to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal. Accordingly, we will proceed with our independent review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004).

In her ***Anders*** brief, counsel raises a discretionary aspect of sentence claim. ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015).

_____

[4] Valle did not file a substantive response to counsel's ***Anders*** brief, raising any issues he believed to be meritorious.

Challenges to the discretionary aspects of one's sentence are not appealable as of right, and in order for this Court to reach the merits of such claims, Valle first must satisfy a four-part test to determine:

> (1) whether the appeal is timely; (2) whether [he] preserved his issue; (3) whether [his] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

*Commonwealth v. Ali*, 197 A.3d 742, 760 (Pa. Super. 2018) (citations omitted).

Valle has complied with the first three prongs of the above-stated test: he has filed a timely appeal; he has preserved his discretionary claim in a post-sentence motion; and he has included a Pa.R.A.P. 2119(f) concise statement in his brief. With regard to the fourth prong, we note that:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (citations omitted). We also find that Valle has raised a substantial question to invoke our appellate review. *See Commonwealth v. Hill*, 2013 PA Super 78 (Pa. Super. 2013).

Valle claims that the court's sentence is excessive where he "took responsibility for his actions by pleading guilty," Appellant's Brief, at 14, and where he only committed the acts because he lacked proper parenting skills.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006). Moreover, the sentencing court has broad discretion in choosing the range of permissible confinement that best suits a particular defendant and the circumstances surrounding his crime. *Commonwealth v. Wall*, 846 A.2d 152, 154-55 (Pa. Super. 2004). The Sentencing Code sets forth the considerations a trial court must take into account when formulating a sentence, providing that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Instantly, the sentencing judge acknowledged that he considered the fact that Valle was trying to make his life better, that he had accepted responsibility for his criminal actions, and that he had "done well in jail." N.T. 9/19/17, at 27-29. The judge believed that Valle was sincere and candid and also noted that he considered the impact Valle's actions had upon the victim, his daughter. *Id.* at 27, 31. The court recognized that Valle "has some anger issues" and determined that "the most important factor that [the court needed] to consider [was Valle's] need for rehabilitation." *Id.* To that end, the court struck a balance between imposing significant time in jail (a below-the-mitigated-range sentence) and placing Valle in the proper confinement setting (state prison) so that he could take advantage of the necessary

rehabilitative programs.  42 Pa.C.S.A. § 9721(b).  Under these circumstances, we do not find that the trial court abused its discretion in sentencing Valle to 3½ to 10 years' imprisonment.  **Fullin**, **supra**.

Order affirmed.   Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/19