J-S29026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN HORTIS | : | |
| | : | |
| Appellant | : | No. 2846 EDA 2018 |

Appeal from the Judgment of Sentence Entered
January 19, 2018 In the Court of
Common Pleas of Carbon County
Criminal Division at No(s):  CP-13-CR-0000491-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:  **FILED JUNE 24, 2019**

Jonathan Hortis appeals from the order,[1] entered in the Court of Common Pleas of Carbon County, denying his motion to modify sentence following his convictions of sexual assault,[2] corruption of minors,[3] indecent

_____

[1] Although Hortis filed his notice of appeal from the June 25, 2018 order denying his post-sentence motion, we have amended the caption to reflect that the appeal is technically taken from the January 19, 2018 judgment of sentence. *See Commonwealth v. Chamberlain*, 658 A.2d 395 (Pa. Super. 1995) (order denying post-sentence motion acts to finalize judgment of sentence; thus, appeal is taken from judgment of sentence, not order denying post-sentence motion). The June 25, 2018 order denying Hortis' post-sentence motion finalized the judgment of sentence for purposes of appeal. Thus, the appeal is taken from judgment of sentence, not from the order denying post-sentence motions. *Id.*

[2] 18 Pa.C.S.A. § 3124.1.

[3] 18 Pa.C.S.A. § 6301(a)(1)(ii).

assault of a person less than thirteen years of age,[4] and indecent assault-forcible compulsion.[5]  Upon review, we vacate the order deeming Hortis to be a sexually violent predator (SVP), and we remand for additional proceedings consistent with this decision.  We affirm the judgment of sentence in all other respects.

On May 25, 2017, Hortis entered a guilty plea to the abovementioned offenses.  The court deferred sentencing to allow the Sexual Offenders Assessment Board (SOAB) to evaluate whether Hortis was a SVP.  The court held a hearing on October 26, 2017, at which Dr. Mary Muscari testified that it was her conclusion that Hortis met the definition of an SVP.  Following the hearing, the court determined Hortis was an SVP as defined in 42 Pa.C.S.A. § 9799.12.  Order of Court, 11/9/17.  On January 19, 2018, the court sentenced Hortis to an aggregate term of imprisonment of eight to twenty years.[6]

On January 26, 2018, Hortis filed a motion to modify sentence, which the court denied.  Hortis filed a timely appeal.  Both the trial court and Hortis have complied with Pa.R.A.P. 1925.

Hortis raises the following issue for our review:

Whether the [t]rial [c]ourt's finding that Jonathan Hortis was a Sexually Violent Predator violated the United States [Constitution] and [the] Pennsylvania Constitution because the [t]rial [c]ourt made this finding without sufficient constitutional protections as

---

[4] 18 Pa.C.S.A. § 3126(a)(7).

[5] 18 Pa.C.S.A. § 3126(a)(2).

[6] Hortis received credit for 1,039 days previously served.

held in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017)?

Appellant's Brief, at 4.

On July 19, 2017, the Pennsylvania Supreme Court decided **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (OAJC), *cert. denied sub nom.* **Pennsylvania v. Muniz**, 138 S. Ct. 925 (2018), which held the registration requirement under the Sexual Offender Registration and Notification Act ("SORNA"),[7] constituted punishment under Article I, Section 17 of the Pennsylvania Constitution's Ex Post Facto Clause.  Thereafter, we concluded in **Butler** that because **Muniz** held SORNA's registration requirements are punitive, and an SVP designation increases the registration period, trial courts cannot apply SORNA's increased registration requirement for SVPs because SORNA does not require a fact-finder to determine, beyond a reasonable doubt, that the defendant is an SVP.  **Butler**, 173 A.3d at 1217–18 (*citing* **Alleyne v. United States**, 570 U.S. 99 (2013)).  Therefore, the portion of SORNA that requires a court to find a defendant to be a SVP by clear and convincing evidence, 42 Pa.C.S.A. § 9799.24(e)(3), is unconstitutional.  **See Butler**, 173 A.3d at 1217-18.

> The [**Butler**] Court therefore concluded that trial courts no longer can designate convicted defendants as SVPs or hold SVP hearings "until our General Assembly enacts a constitutional designation mechanism." **Id.**  The **Butler** Court directed trial courts to apply only the applicable tier-based registration period, as those periods apply based on the conviction itself, and not due to any additional fact not found, under SORNA's procedures, by the fact-finder. The

---

[7] 42 Pa.C.S. §§ 9799.10 *et seq.*

Court ultimately reversed the order finding the defendant to be an SVP and remanded to the trial court for the sole purpose of issuing appropriate notice of the defendant's tier-based registration period. *Id.*

*Commonwealth v. Golson*, 189 A.3d 994, 1003 (Pa. Super. 2018).[8]

In light of *Muniz* and *Butler*, we conclude that Hortis' SVP designation constitutes an illegal sentence.[9] We, therefore, are constrained to vacate the

---

[8] In response to our Supreme Court's decision in *Muniz* and this Court's decision in *Butler*, the Pennsylvania General Assembly passed Acts 10 and 29 of 2018. The express purpose of both legislative enactments was to cure SORNA's constitutional defects. *See* 42 Pa.C.S.A. § 9799.51(b)(4) ("[I]t is the intention of the General Assembly to address [*Muniz* and *Butler*].") Specifically, our General Assembly modified Subchapter H's registration requirements for those offenders convicted of committing offenses that occurred on or after SORNA's effective date, i.e., December 20, 2012. Our General Assembly also added Subchapter I to Title 42, Part VII, Chapter 97. Subchapter I sets forth the registration requirements that apply to all offenders convicted of committing offenses on or after the effective date of Megan's Law I (April 22, 1996), but prior to SORNA's effective date.

[9] We note the Commonwealth's argument that Act 10, as amended by Act 29, has "rendered the registration requirements non-punitive[,] and that Act 10 as amended by Act 29 transforms SORNA from a criminal [sic] to non-punitive in legal effect, and therefore, the registration requirements are, again, a 'collateral consequence' of the underlining [sic] crime." Appellee's Brief, at 5. The Commonwealth appears to argue that this means the burden of proof for determining SVP status is again "clear and convincing." We disagree. On July 31, 2018, the Pennsylvania Supreme Court granted a petition for allowance of appeal in *Butler* to address the following issue:

> Whether the Superior Court of Pennsylvania erred in vacating the trial court's Order finding [Respondent] to be [a Sexually Violent Predator ("SVP") ] by extrapolating the decision in [*Commonwealth v. Muniz*, 640 Pa. 699, 164 A.3d 1189 (2017),] to declare SVP hearings and designations unconstitutional under 42 Pa.C.S. § 9799.24(e)(3).

court's order of November 9, 2017 finding him to be an SVP. We remand to the trial court to issue a revised notice to Hortis pursuant to 42 Pa.C.S.A. § 9799.23 (governing reporting requirements of sex offenders).[10] Accordingly, we vacate the court's imposition of SVP status, remand with instructions, and affirm the judgment of sentence in all other respects.

Order vacated. Judgment of sentence affirmed in all other respects. Case remanded. Jurisdiction relinquished.

_____

***Commonwealth v. Butler***, 2018 WL 3633945, at \*1 (Pa. 2018). As of today, however, our decision in ***Butler*** remains the law. ***Commonwealth v. Reed***, 107 A.3d 137, 143 (Pa. Super. 2014) ("This Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court.").

We note also that the Supreme Court recently granted review, in its original jurisdiction, to determine the issue of whether Acts 10 and 29 are constitutional. ***See Commonwealth v. Lacombe***, 35 MAP 2018 (Pa. 2018).

[10] ***See*** 42 Pa.C.S.A. § 9799.11(c) (Subchapter H shall apply to individuals who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted). ***See also*** 42 Pa.C.S.A. 9799.14 (sexual offenses and tier system); 42 Pa.C.S.A. 9799.15 (period of registration). Hortis has been convicted of Tier I, II and III offenses; he will be required to register for his lifetime. ***See*** 42 Pa.C.S.A. § 9799.14(b), (c), (d); ***see also*** 42 Pa.C.S.A. 9799.15(a) (3) ("An individual convicted of a Tier III sexual offense shall register for the life of the individual.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/19