J-S29038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ROBERT RODGERS | : | |
| | : | |
| Appellant | : | No. 162 WDA 2025 |

Appeal from the Judgment of Sentence Entered January 30, 2025
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000802-2024

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED:  October 9, 2025**

Appellant, John Robert Rodgers, appeals from the judgment of sentence of six months' probation, with the first 30 days to be served on house arrest with electronic monitoring, imposed after he was convicted of driving under the influence (DUI) — general impairment (second offense in 10 years), 75 Pa.C.S. § 3802(a)(1), and one count of accidents involving damage to unattended vehicle or property, 75 Pa.C.S. § 3745.  Herein, Appellant solely challenges the sufficiency of the evidence to sustain his DUI conviction.  We affirm.

The trial court summarized the facts of Appellant's case, as follows:

On December 13, 2023, police responded to St. Michael's Cemetery, located at 76 North High Street, Greenville, PA ("Cemetery"), upon reports of a pickup truck in flames within the grounds.  Upon arrival, police observed firefighters extracting … []Appellant[] from a black pickup truck, which was running, engaged in gear, and had collided with a brick structure (causing

damage). The vehicle's tires were severely degraded and embedded in the ground.

Upon engaging []Appellant in conversation, [p]olice detected a strong odor of alcohol on his breath and noted his slurred speech. When questioned, []Appellant initially stated he was both coming from and traveling to his home. []Appellant was placed under arrest and secured in the rear of a patrol vehicle. A partially consumed can of an alcoholic beverage was subsequently recovered from the front driver-side cup holder of []Appellant's vehicle. Police transported []Appellant to UPMC Greenville Hospital for a blood draw. []Appellant was read the DL-26 form verbatim and consented to provide a blood sample. A blood sample was drawn from [Appellant], properly sealed, and placed into a secured blood collection box for subsequent analysis. []Appellant was then transported to the Greenville Police Station.

[]Appellant was advised of his ***Miranda***[1] rights, which he voluntarily waived. During questioning, []Appellant disclosed his ownership of an insurance business in West Middlesex (approximately 28 miles [from the scene of the accident]) where he had been drinking in his office. When asked what time he had left said business, []Appellant estimated his departure at around 7:00 p.m. When questioned about the current time, []Appellant erroneously believed it to be 8:00 p.m., despite it being after midnight. Police informed []Appellant he had been discovered in his vehicle within the cemetery, had crashed into a building within the cemetery, became stuck, and was found inside the vehicle as the engine compartment was actively burning. []Appellant professed no recollection of these events but expressed willingness to repair any damage caused.

Trial Court Opinion (TCO), 2/18/25, 1-2 (unnumbered).

Appellant was arrested and charged with the above-stated offenses, as well as DUI under 75 Pa.C.S. § 3802(c) — highest rate of alcohol. Following a non-jury trial on December 12, 2024, the court found him guilty of DUI — general impairment, and accidents involving damage. The court acquitted him

_____

[1] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

- 2 -

of DUI — highest rate of alcohol. On January 9, 2025, Appellant was sentenced to the above-stated term of probation. On January 30, 2025, the court amended his sentence, as it had erroneously omitted sentencing him with regard to his conviction for accidents involving damage. The court imposed a $25 fine for that offense, and directed that Appellant's sentence imposed on January 9, 2025, remain the same in all other respects. Appellant filed a timely post-sentence motion, which was denied. He then filed a timely notice of appeal,[2] and he and the court complied with Pa.R.A.P. 1925. Herein, he states one issue for our review: "Did the trial court err as the evidence presented failed to show that Appellant operated and/or was in physical control of the motor vehicle on a trafficway?" Appellant's Brief at 7.

Appellant's issue challenges the sufficiency of the evidence to sustain his conviction for DUI. *See id.* at 15 ("The Commonwealth … failed to present any competent evidence that, while intoxicated, … Appellant operated his motor vehicle on a trafficway or any competent evidence that St. Michael's cemetery was open to the public for purposes of vehicular travel as a matter of right or custom."). Initially, we observe that,

> [w]hether the evidence was sufficient to sustain the charge presents a question of law. Our standard of review is *de novo*,

---

[2] Appellant improperly stated in his notice of appeal that he is appealing from the court's January 21, 2025 order denying his post-sentence motion. "[T]he order denying post-sentence motions acts to finalize the judgment of sentence for purposes of appeal. Thus, the appeal is taken from the judgment of sentence, not the order denying post-sentence motions." ***Commonwealth v. Chamberlain***, 658 A.2d 395, 397 (Pa. Super. 1995).

and our scope of review is plenary. In conducting our inquiry, we examine[,]

> whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, [is] sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Rojas-Rolon*, 256 A.3d 432, 436 (Pa. Super. 2021) (cleaned up).

Presently, Appellant contends that "[a]n essential element of [DUI] is operating a motor vehicle on a highway or trafficway while the operator is under the influence of alcohol." Appellant's Brief at 16. Appellant devotes the vast majority of his brief to arguing why the road his vehicle was on in St. Michael's cemetery was not a highway or trafficway. He also briefly contends that the Commonwealth failed to present any evidence that he drove intoxicated prior to arriving at the cemetery. We need not address the first part of Appellant's argument — that the road in the cemetery was not a highway or trafficway — as we conclude, for the reasons stated *infra*, that the circumstantial evidence was more than sufficient to conclude that Appellant drove on a highway or trafficway before entering the cemetery while he was

intoxicated to a degree that made him incapable of safely operating a motor vehicle.

Initially, as the trial court observed, Appellant "admit[ted] to drinking at his office in West Middlesex and admit[ted] to being in the [c]emetary in Greenville." TCO at 9 (unnumbered); *see also* N.T. Trial, 12/12/24, at 61 (Police Officer Michael Moore's testifying that, at the police station following his arrest, and after being provided *Miranda* warnings, Appellant stated that "he owned an insurance business in West Middlesex and he was drinking there and then driving home"). Moreover, Appellant stated that he left his office at 7 p.m. and was drinking "on his way home." N.T. Trial at 63. The trial court stated in its opinion, and Appellant does not dispute, that "[t]here are approximately 28 miles between" Appellant's office in West Middlesex and the cemetery in Greenville, "and travel there between would *require travel upon a highway*." TCO at 9 (unnumbered; emphasis added).[3]

Additionally, Appellant's blood alcohol content was .234, *see* N.T. Trial at 62, and he exhibited signs that he was intoxicated to a degree that rendered

_____

[3] We observe that, at trial, the court took "judicial notice that West Middlesex and Greenville are 20 minutes apart, probably ten miles[,]" which is different from the court's statement in its opinion that the locations are 28 miles apart. N.T. Trial at 84. Appellant did not raise any objection at trial to the court's taking judicial notice of this fact or its accuracy, and he also does not raise any issue on appeal regarding the court's offering a different distance between the locations in its opinion. In any event, even if Appellant had raised this issue on appeal, we would deem the lack of clarity on the exact distance he drove to be harmless error, as a person driving *any* distance on a highway or trafficway while intoxicated to the point of being incapable of safely operating their vehicle is sufficient to satisfy the DUI statute.

him incapable of safely operating a vehicle. For instance, Corporal Tyler McKinney testified that when he arrived at the scene of the accident, Appellant was "very disoriented." *Id.* at 31. When the officer asked Appellant "where he was going to, … he stated[, ']home.']" *Id.* When the officer asked Appellant "where he was coming from, … he again stated[, 'home.']" *Id.* The officer testified that Appellant was not making sense, and he even struggled to tell the officer where he lived. *Id.* Officer McKinney smelled alcohol coming from Appellant's breath, and testified that Appellant had bloodshot and glassy eyes, was unsteady on his feet, and was stumbling. *Id.* at 30, 32, 34. When Appellant was asked for his license, he handed the officer his entire wallet. *Id.* at 33. Based on Officer McKinney's observations of Appellant, he believed that Appellant was "too impaired to safely operate a vehicle." *Id.* at 35. Later, when questioned at the police station by Officer Moore, Appellant "had no idea he [had] even [been] in a cemetery" and "didn't remember the cemetery" at all. *Id.* at 63.

Moreover, Corporal McKinney and Officer Moore testified that they looked in the bed of Appellant's truck, through his truck window, on the ground around the truck, and back through the cemetery, and they observed only one, half-full can of an alcoholic beverage, "a Mike's Hard Lemonade[,]" which was found "in the cup holder of his vehicle." *Id.* at 32, 33, 42, 43, 49, 54, 60.

In sum, this evidence established the following facts: Appellant admitted that he began drinking around 7 p.m. at his office; he admitted that he

continued drinking while he drove home; he wrecked his vehicle into a building inside the cemetery; there were physical and mental signs that Appellant was severely intoxicated; he had an extremely high blood alcohol content; and only one, half-full can of alcohol was found at the scene of the accident. These facts, viewed in the light most favorable to the Commonwealth as the verdict winner, made it reasonable for the court to infer that Appellant was intoxicated to the point that he was incapable of safely operating his vehicle **prior to arriving at the cemetery**. As Appellant must have driven his vehicle on a trafficway or highway to get into the cemetery, the evidence was sufficient to prove this element of his DUI conviction.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/09/2025