J-A10025-20
J-A10030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
      v.   :
  :
  :
  :
DARRIUS J. PRINCE   :
  :
      Appellant   :   No. 3007 EDA 2018

Appeal from the Judgment of Sentence Entered August 6, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0000025-2018

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
      v.   :
  :
  :
  :
DARRIUS J. PRINCE   :
  :
      Appellant   :   No. 1243 EDA 2019

Appeal from the Judgment of Sentence Entered August 6, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0000025-2018

BEFORE:   BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.:           **FILED:  MARCH 22, 2021**

In the above-captioned cases, Appellant, Darrius J. Prince, appeals from

the judgment of sentence entered August 6, 2018, which, as explained *infra*,

was made final by the order entered in the Court of Common Pleas of Bucks

_____

[*] Retired Senior Judge assigned to the Superior Court.

County on March 18, 2019. In addition, the Commonwealth has filed a motion

to quash the appeal at docket number 1243 EDA 2019. After a thorough

review, we deny the motion to quash, consolidate the above-captioned

appeals, affirm the judgment of sentence but vacate the order denying

Appellant's post-sentence motion that challenged the constitutionality of the

Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.

§§ 9799.10-9799.42, and we remand for further proceedings.

The trial court set forth the pertinent factual and procedural history of

this case as follows:

> On August 6, 2018, [Appellant] pleaded guilty to two (2)
> counts of Rape of a Child,[1] one (1) count of Statutory Sexual
> Assault,[2] two (2) counts of Involuntary Deviate Sexual Intercourse
> with a Child,[3] one (1) count of Involuntary Deviate Sexual
> Intercourse with a Person Less Than 16 Years of Age,[4] two (2)
> counts of Aggravated Indecent Assault of a Child,[5] one (1) count
> of Aggravated Indecent Assault of a Complainant Less than 16,[6]
> one (1) count of Corruption of Minors,[7] two (2) counts of Indecent
> Assault of a Person Less than 13 Years of Age,[8] and one (1) count
> of Indecent Assault of a Person Less than 16 Years of Age.[9]
>
> > [1] 18 Pa.C.S.A. § 3121(c)
> > [2] 18 Pa.C.S.A. § 3122.1(b)
> > [3] 18 Pa.C.S.A. § 3123(b)
> > [4] 18 Pa.C.S.A. § 3123(a)(7)
> > [5] 18 Pa.C.S.A. § 3125(b)
> > [6] 18 Pa.C.S.A. § 3125(a)(ii)
> > [7] 18 Pa.C.S.A. § 6301(a)(1)(ii)
> > [8] 18 Pa.C.S.A. § 3126(a)(7)
> > [9] 18 Pa.C.S.A. § 3126(a)(8)
>
> Immediately following his guilty plea, the trial court judge,
> the Honorable Raymond F. McHugh, sentenced Appellant to a
> period of incarceration of not less than seven (7) years but not
> more than twenty (20) years on Count 1 Rape of a Child, and to
> a period of twenty (20) years of probation for Count 4 IDSI with

a Child, to be served consecutive to the sentence imposed under Count 1. Appellant was also ordered to register as a Tier[-]III sexual offender and he was directed to undergo an assessment by the [Sexual Offender Assessment Board ("SOAB")] to determine if he is a sexually violent predator [("SVP")], to which he objected. No further penalties were imposed on the remaining counts:

On August 8, 2018, Appellant filed a Motion to Vacate Order and a Motion to Withdraw Plea. On August 31, 2018, in conjunction with other Defendants, Appellant filed his "Motion to Declare SORNA 42 Pa.C.S.A. 9799 et seq. Unconstitutional, Motion to Vacate/Bar SOAB Evaluation, Objection, to Commonwealth's Petition for Sexually Violent Predator Hearing, Motion for Continuance/Abeyance/Evidentiary Hearing and/or Motion to Bar Imposition of an Illegal Sentence."

On September 19, 2018, two days after the September 17, 2018 *en banc* hearing on [Appellant's] constitutional challenges to SORNA, the trial court held a hearing on Appellant's Motion to Withdraw his Guilty Plea, which Judge McHugh thereafter denied.

On September 27, 2018, the Commonwealth filed its Supplemental Memorandum of Law in Opposition to [Appellant's] Motions to Quash. On October 4, 2018, Appellant filed his "Responsive Brief in Support of the Motion to Find Sexual Violent Predator Classification Procedure and the Entirety of SORNA II Unconstitutional."

On October 11, 2018, Appellant filed a Notice of Appeal from the [September 19, 2018] Order denying his motion to withdraw his Guilty Plea[, which received Superior Court docket number 3007 EDA 2018.]

Trial Court Opinion, 7/10/19, at 1-2.

As previously indicated, the trial court held an *en banc* hearing on September 17, 2018. Thereafter, Appellant and the Commonwealth filed additional briefs with the *en banc* court.

On December 17, 2018, after Appellant had filed the notice of appeal docketed at 3007 EDA 2018, the *en banc* panel of the trial court filed a

memorandum opinion holding that the current version of SORNA, as amended by Act 29, was punitive and therefore unconstitutional. The Commonwealth filed a motion for reconsideration, arguing that even if because Act 29 were punitive, it is not unconstitutional. The Commonwealth further noted that the *en banc* court's determination failed to identify the constitutional provision violated as a result of Act 29 being punitive.

On February 13, 2019, the trial court held a brief hearing and ordered the filing of additional briefs. The Commonwealth filed a brief on February 22, 2019, and Appellant filed a brief on February 25, 2019. On March 18, 2019, the *en banc* panel court filed an order clarifying the implications of the court's December 17, 2018 determination. Specifically, the March 18, 2019 order vacated the portion of the December 17, 2018 memorandum opinion that held Act 29 to be unconstitutional. The court further clarified that although punitive, Subchapter H of Act 29 is constitutional except as to SVP determinations.

On April 17, 2019, Appellant filed an appeal from the March 18, 2019 order entered by the *en banc* court, which received Superior Court docket number 1243 EDA 2019. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue in his appeal docketed at 3007 EDA 2018:

A. DID THE TRIAL COURT ERR IN REFUSING TO ALLOW THE APPELLANT TO WITHDRAW HIS GUILTY PLEA AFTER HE

- 4 -

ASSERTED HIS INNOCENCE AND STATED THE GUILTY PLEA
RESULTED FROM FEELING PRESSURE TO PLEAD FROM HIS WIFE?

Appellant's Brief at 4. (capitalization in original)

In his appeal docketed at 1243 EDA 2019, Appellant sets forth the
following issues for our review:

A. Whether the Lower Court erred when it failed to find that
ACT 29 and its registration requirements violated the United
States Constitution and the enhanced protections under the
Pennsylvania Constitution on its face and as applied?

B. Whether the Lower Court erred when it failed to find that
ACT 29 and its registration requirements violated the United
States and Pennsylvania Constitution Due Process prohibition
against ex post facto laws?

C. Whether the Lower Court erred when it failed to find that
ACT 29 and its registration requirements violated United States
and Pennsylvania Constitutional Due Process protections because
it deprives Appellant of the Right to Reputation under the
Pennsylvania Constitution, it creates an irrebuttable presumption,
treats all offenders universally as high-risk, violates individualized
punishment, overly inclusive of offenders and charges, ignores
reasonable alternative means exist to identify offender risk,
denies any meaningful opportunity to be heard, exceeds the least
restrictive means requirement, and otherwise violates substantive
Due Process protections?

D. Whether the Lower Court erred when it failed to find that
ACT 29 and its registration requirements violate the United States
and Pennsylvania Constitutions as it constitutes cruel and unusual
punishment where registration is based upon empirically false
myths, fails to deter first time offenders, fails to reduce recidivism,
threatens public safety, forces registrants and their families to
suffer, creates an impassable barrier to reintegration into law-
abiding society, and fails to address each offender individually?

E. Whether the Lower Court erred when it failed to find that
ACT 29 and its registration requirements violate the United States
and Pennsylvania Constitutions' Separation of Powers Doctrine, as

it gave judicial powers to the Legislature and Pennsylvania State Police?

F. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated United States and Pennsylvania Constitutions' Due Process provisions as it increased the maximum sentence without proof beyond a reasonable doubt to a jury in violation of ***Alleyne v. United States***, 570 U.S. 99 (2013), and that said provisions are not severable?

Appellant's Briefs at 4-5.

Prior to addressing the issues set forth by Appellant, we address the Commonwealth's motion to quash the appeal docketed at 1243 EDA 2019. The Commonwealth argues that once Appellant filed a notice of appeal on October 11, 2018, from the order of denying the post-sentence motion to withdraw his guilty plea, which was docketed at 30037 EDA 2018, the lower court no longer had jurisdiction. The Commonwealth posits that the trial court lost jurisdiction when Appellant filed the premature notice of appeal on October 11, 2018, prior to disposition of his pending supplemental post-sentence motion challenging the provisions of SORNA. The Commonwealth relies upon Pa.R.A.P. 1701, which provides: "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." Motion to Quash, 5/28/19, at 4 (citing Pa.R.A.P. 1701). Therefore, the Commonwealth characterizes the trial court's March 18, 2019 order denying Appellant's supplemental post-sentence motion as a legal nullity. We disagree.

- 6 -

In ***Commonwealth v. Rojas***, 874 A.2d 638 (Pa. Super. 2005), the appellant filed a notice of appeal prior to disposition of his post-sentence motion. ***Id***. at 641. In ***Rojas***, the Commonwealth argued that the appeal divested the lower court of jurisdiction over the pending post-sentence motion, and the order dismissing the appellant's post-sentence motion was a nullity, entered without jurisdiction. ***Id***. The ***Rojas*** Court disagreed. Citing ***Commonwealth v. Borrero***, 692 A.2d 158 (Pa. Super. 1997), we found, pursuant to Pa.R.Crim.P. 720, that the judgment of sentence does not become final for appeal purposes until the trial court disposes of the post-sentence motion or it is denied by operation of law. ***Id***. at 643. We concluded the appellant's direct appeal was improperly filed from a non-final order and did not divest the trial court of jurisdiction to decide the post-sentence motion. ***Id***. at 643.

In ***Borrero***, we noted the following in explaining that the appellant filed a premature direct appeal before his timely post-sentence motions were disposed of by the trial court or denied by operation of law:

> [T]he appeal did not divest the trial court of jurisdiction in this instance. As previously indicated, the comment to Rule [720] explicitly prohibits the filing of an appeal while post-sentencing motions are pending. Comment to Pa.R.Crim.P., Rule [720] … . The comment further provides that a judgment of sentence does not become final until post-sentencing motions are ruled upon by the trial court or are denied by operation of law. ***Id***. Moreover, a trial court may proceed further in any matter in which a nonappealable order has been entered, notwithstanding the filing of a notice of appeal. Pa.R.A.P., Rule 1701(b)(6) … . Consequently, [the] appellant's improper appeal did not divest the

trial court of jurisdiction to decide [the] appellant's post-sentencing motion or deny it by operation of law.

***Borrero***, 692 A.2d at 161 n.4.

Our review of the record reflects that Appellant's judgment of sentence was entered on August 6, 2018. On August 16, 2018, Appellant filed a timely post-sentence motion seeking to withdraw his guilty plea. Thus, the trial court had 120 days, or until December 14, 2018, in which to dispose of the post-sentence motion. ***See*** Pa.R.Crim.P. 720(B)(3)(a) ("the judge shall decide the post-sentence motions, including any supplemental motion, within 120 days of the filing of the motion"). While the original post-sentence motion was pending, Appellant filed a timely supplemental post-sentence motion on August 31, 2018, in which he challenged various aspects of SORNA.[1] On September 19, 2018, the trial court denied Appellant's original post-sentence motion, but the supplemental post-sentence motion challenging SORNA remained pending. Notwithstanding the fact that the supplemental post-sentence motion was pending, Appellant filed a notice of appeal from the judgment of sentence on October 11, 2018, and the appeal received the docket number 3007 EDA 2018. However, the filing of an appeal while post-sentence motions are pending is explicitly prohibited. ***Borrero***, 692 A.2d at

_____

[1] We note that Pa.R.Crim.P. 720 permits the filing of supplemental post-sentence motions provided that the decision on the supplemental motion can be decided within the time limits set forth at Pa.R.Crim.P. 720(B)(3). Accordingly, Appellant's supplemental post-sentence motion, which was filed while the original motion was pending, was timely filed.

161 n.4. Accordingly, Appellant's direct appeal was improperly filed from a non-final order and did not divest the trial court of jurisdiction to decide the post-sentence motion. **Rojas**, 874 A.2d at 643.

When the trial court ruled on Appellant's supplemental post-sentence motion on March 18, 2019, Appellant's judgment of sentence became final for appeal purposes.[2] Despite having filed a premature notice of appeal, the instant appeal is not from an interlocutory judgment of sentence, and, therefore, this Court has jurisdiction. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). Moreover, the notice of appeal filed after the entry of the March 18, 2019 order, which received docket number 1243 EDA 2019, was

---

[2] Again, we observe that the 120-day period in which to address post-sentence motions tolled on December 14, 2018, without the trial court addressing Appellant's supplemental post-sentence motion. However, the clerk of courts neither entered nor served upon the parties an order reflecting that Appellant's supplemental post-sentence motion was denied by operation of law as required by Pa.R.Crim.P. 720(B)(3)(c). Consequently, the trial court ruled on Appellant's supplemental post-sentence motion on December 18, 2018, and then on March 18, 2019, when it addressed the Commonwealth's motion for reconsideration/clarification. In light of the fact that the clerk of courts failed to follow the dictates of Rule 720(B)(3)(c), we hold that said failure constitutes a breakdown in the court system. **See Commonwealth v. Braykovich**, 664 A.2d 133, 138 (Pa. Super. 1995) (concluding that the clerk of court's failure to enter the requisite order deeming a post-sentence motion denied by operation of law constitutes "a breakdown in the court system" and authorizes the Superior Court to grant *nunc pro tunc* appeal). Accordingly, we conclude that the entry of the order on March 18, 2019, was the triggering mechanism for the purposes of appeal.

superfluous because the previously filed notice of appeal is treated as having been filed the day after the entry of the March 18, 2019 order. Hence, we deny the Commonwealth's motion to quash. Accordingly, we consolidate the above captioned cases and will dispose of each in turn.

### 3007 EDA 2018

In his sole issue presented at 3007 EDA 2018, Appellant argues that the trial court erred in denying his post-sentence motion to withdraw his guilty plea. Appellant's 3007 EDA 2018 Brief at 9-11. Appellant contends that he presented specific facts to substantiate his innocence and that his plea was based on pressure from his wife. *Id*. at 10. He also alleges that he was not engaged in "sentence testing" when he accepted the negotiated guilty plea. *Id*. at 11.

> We begin by setting forth our standard of review. In *Commonwealth v. Broaden*, 980 A.2d 124 (Pa. Super. 2009), we summarized the principles governing post-sentence motions to withdraw pleas:
>
> > [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.
>
> *Id*. at 129 (citations omitted). "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within

- 10 -

the sound discretion of the trial court." ***Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa. Super. 2017) (applying abuse of discretion in post-sentencing context).  The term discretion

> imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action.  Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Shaffer***, 551 Pa. 622, 712 A.2d 749, 751 (Pa. 1998) (citation omitted).

***Commonwealth v. Kehr***, 180 A.3d 754, 756-757 (Pa. Super. 2018).

In addressing Appellant's issue, the trial court offered the following discussion:

> [W]e engaged in an extensive [guilty plea] colloquy with Appellant.  The colloquy covered the terms and conditions of his guilty plea negotiations.  The elements of each crime were explained clearly to him.  He was advised of the maximum penalties for each count of criminal conduct.  He was advised of the recommendations of the sentencing guidelines. Appellant was repeatedly asked if he understood the proceedings and answered affirmatively each time.  He was emotional but an active participant during the entire process.  We found him to be credible.
>
> * * *
>
> Appellant has not suggested he was incompetent at the time he entered his plea of guilty.  He has never made a clear proclamation of innocence. His testimony at the hearing on his Motion to Withdraw Guilty Plea was vague and unconvincing.  It

- 11 -

was clearly insufficient to satisfy his burden of proving his plea entered the month before was involuntary.

Trial Court Opinion, 9/13/19, at 8-9.

Upon review of the record, we conclude there is no evidence of record supporting Appellant's claim that his wife coerced him into pleading guilty. At his guilty plea hearing, after Appellant specifically was asked if "anyone threatened you or forced you or coerced you or promised you anything in return for your plea of guilty[,]" Appellant responded in the negative. N.T., 8/6/18, at 19. When asked if he was entering into this plea of his "own free will," Appellant responded, "Yes sir." ***Id***. at 6. Appellant never indicated during the hearing that his wife pressured or coerced him into pleading guilty, and he has not subsequently provided any evidence of coercion. "A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012). Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's post-sentence motion to withdraw his guilty plea. Hence, Appellant's issue lacks merit.

<u>1243 EDA 2019</u>

We next address the issues presented by Appellant at 1243 EDA 2019.[3] In these six issues, Appellant raises challenges to the constitutionality of the order requiring him to register under SORNA as a Tier-III offender.

*Commonwealth v. Mickley*, 240 A.3d 957 (Pa. Super. 2020), instructs that the proper remedy herein is to remand for an evidentiary hearing on Appellant's challenges to SORNA. In *Mickley*, this Court observed that the appellant's constitutional challenges to SORNA were identical to arguments raised in *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020). The *Torsilieri* Court did not reach the merits of any of the constitutional claims at issue, determining instead that the factual record was not sufficiently developed in the trial court. The Court in *Torsilieri* concluded that a remand was appropriate "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." *Id*. at 587. Based on *Torsilieri*, *Mickley* held:

> Here, despite defense counsel's attempt, no evidence was presented at the hearing on Mickley's post-sentence motion. Thus, in accordance with *Torsilieri*, we vacate the order denying Mickley's post-sentence motion and remand for a hearing at which

---

[3] We note that in the notice of appeal docketed at 1243 EDA 2019, Appellant purported to appeal from the trial court's March 18, 2019 order denying his supplemental post-sentence motions. In *Commonwealth v. Chamberlain*, 658 A.2d 395 (Pa. Super. 1995), we explained that "the order denying post-sentence motions acts to finalize the judgment of sentence for purposes of appeal. Thus, the appeal is taken from the judgment of sentence, not the order denying post-sentence motions." *Id*. at 397. We have corrected the caption accordingly.

the parties can present evidence for and against the relevant legislation determinations discussed above.

***Mickley***, 240 A.3d at 963; ***see also Commonwealth v. Asher***, ___ A.3d ___, 2020 PA Super 293, at *4 (Pa. Super. filed December 21, 2020) (citing ***Torsilieri*** and ***Mickley*** and concluding that where the defendant preserved his constitutional challenges to SORNA, but the trial court denied relief without developing a factual record, remand was proper for a hearing at which the parties could present evidence for and against relevant legislative determinations).

Upon review of the record, we conclude that the same remedy is appropriate here. As noted by the Commonwealth, the SORNA issues raised by Appellant are the same as those raised in ***Torsilieri***. Commonwealth's Brief at 21 n.7. At the *en banc* hearing held September 17, 2018, Appellant's counsel noted that the record was not complete and sought to present into evidence various affidavits "relevant to the due process challenges." N.T., 9/17/18, at 5. Appellant's counsel indicated the desire to create a record similar to ***Torsilieri***. ***Id***. at 5-6. However, the Commonwealth was hesitant to stipulate to the admission of the evidence. After extensive discussion and a brief recess, the *en banc* court reached the following conclusion:

> We've decided [to] proceed with the remaining arguments but not proceed on the due process issue today, and we're ordering both sides to meet within ten days and to endeavor to see whether or not you can reach an agreement as to what the record will be, whether there will be a stipulation as to the admissibility of affidavits and curriculum vitae for experts for us to consider.

The second thing we're asking you to meet and discuss is for what purpose are we to consider those expert reports. See if you can reach an agreement, and if you cannot, you'll let us know that as well and what your position is. And then we can decide how we proceed on the due process issue.

*Id*. at 32-33.

The record further reflects that the parties were not able to reach an agreement as requested by the *en banc* court. Moreover, the *en banc* court failed to address the due-process claims presented by Appellant in either its memorandum opinion entered on December 17, 2018, or in its subsequent order entered March 18, 2019. Hence, the proper remedy under these circumstances is to remand for a hearing at which the parties can present evidence relating to Appellant's SORNA arguments.

Motion to quash denied. Cases at docket numbers 3007 EDA 2018 and 1243 EDA 2019 consolidated. Judgment of sentence affirmed. Order entered March 18, 2019, denying supplemental post-sentence motion vacated and case remanded for proceedings consistent with *Torsilieri*. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/21

- 15 -