J-A10026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VERNON GEORGE KLINE | : | |
| | : | |
| Appellant | : | No. 1180 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 30, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0007906-2017

BEFORE: BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED: MARCH 22, 2021**

Appellant, Vernon George Kline, appeals from the judgment of sentence entered July 30, 2018, as made final by the order entered in the Court of Common Pleas of Bucks County on March 18, 2019. We affirm the judgment of sentence but vacate the order denying Appellant's post-sentence motion that challenged the constitutionality of the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.42, and remand for further proceedings on these challenges.

The trial court set forth the pertinent procedural history of this case as follows:

> Pending before this [c]ourt are the consolidated motions filed by seven defendants who have challenged the imposition of the provisions of Subchapter H of the revised Sexual Offender

---

[*] Retired Senior Judge assigned to the Superior Court.

Registration and Notification Act ("SORNA"), codified in 42 Pa.C.S. §§ 9799.10, *et seq.*, effective June 12, 2018, that require them to submit to an assessment and hearing to determine whether they should be classified as a sexually violent predator ("SVP") and register as such. [Appellant] contend[s] that the recent revisions to SORNA that were enacted pursuant to the Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29") by the Pennsylvania General Assembly in response to the decisions by the Supreme Court of Pennsylvania in Commonwealth v. Muniz, 164 A.3d 1189, 1196-98, 1201-04 ([Pa.] 2017), *cert, denied sub nom*. Pennsylvania v. Muniz, 138 S.Ct. 925 (2018), and the Superior Court of Pennsylvania in Commonwealth v. Butler, 173 A.3d 1212 (Pa, Super. 2017), *appeal granted*, 47 WAL 2018 (Pa. July 31, 2018), did not cure the constitutional infirmities of the registration requirements of 42 Pa.C.S.A. § 9799.24 that were determined by the [c]ourts to exist in those cases. According to [Appellant], the current version of SORNA, enacted pursuant to Act 29, still violates the United States and Pennsylvania Constitutions, and therefore they should be relieved of compliance with those assessment and registration requirements.

Due to the similarity and repetitive nature of the challenges to the legality of SORNA filed by … seven Defendants, and in an effort to avoid duplicative proceedings and possibly inconsistent adjudications of issue, President Judge Jeffrey L. Finley granted the Commonwealth's request, which was joined by defense counsel, to consolidate these matters. Judge Finley thereafter issued an Order on August 17, 2018, directing that all appropriate motions challenging SORNA were to be filed by August 31, 2018, and all supporting legal memoranda were to be filed on or before September 10, 2018. In addition, an *en banc* hearing[] was scheduled for September 17, 2018.

\* \* \*

The following is a brief procedural background [of the above-captioned matter:]

\* \* \*

Commonwealth v. Vernon George Kline
No. CP-09-CR-O007906-2017

- 2 -

On March 27, 2018, [Appellant] entered guilty pleas to one (1) count, of Criminal Use of Communication Facility,[12] one (1) count of Criminal Solicitation of Child Pornography,[13] and one (1) count of Criminal Solicitation of Indecent Assault of a Person Less than 15 Years of Age.[14]  After the entry of guilty pleas, the trial court judge, the Honorable Raymond F. McHugh, ordered the [Sex Offender Assessment Board "SOAB"] to perform an SVP assessment of [Appellant] and deferred [Appellant's] sentencing pending the completion of that SOAB evaluation.

[12] 18 Pa.C.S.A. § 7512(a).
[13] 18 Pa.C.S.A. § 902(a).
[14] 18 Pa.C.S.A. § 902(a).

[Appellant] waived his right to the completion of the SVP assessment prior to his sentencing, and on July 30, 2018, Judge McHugh sentenced [Appellant] to a period of incarceration of no less than sixteen (16) months and no more than forty-eight (48) months for the charge of Criminal Solicitation of Child Pornography.  No further penalties were imposed on the remaining charges.  [Appellant's] period of incarceration was consecutive to a previous sentence entered under No. CP-09-CR-0002768-2015, which was in turn consecutive to a previous sentence entered under No. CP-09-CR-0003872-2016.   [Appellant] was also ordered to register as a Tier III sexual offender.  [On August 8, 2018, Appellant filed a timely post-sentence motion seeking reconsideration of his sentence.]

On August 31, 2018, [while his original post-sentence motion was pending, Appellant filed a supplemental post-sentence motion titled:] "Motion to Declare SORNA 42 Pa.C.S.A. 9799 et seq, Unconstitutional, Motion to Vacate/Bar SOAB Evaluation, Objection to Commonwealth's Petition for Sexually Violent Predator Hearing, Motion for Continuance/Abeyance/Evidentiary Hearing and/or Motion to Bar Imposition of an Illegal Sentence," which replicated the Motion filed by Defendant [Timothy Deshan] Davis.  [Appellant] filed a Brief in Support of his Motion on September 12, 2018, and the Commonwealth filed its Memorandum of Law in Opposition to [Appellant's] Motion[] on the same day.

Trial Court Opinion, 12/17/18, at 1-7.

The trial court held an *en banc* hearing on September 17, 2018. Thereafter, Appellant and the Commonwealth filed additional briefs with the trial court. On November 29, 2018, while the *en banc* portion of Appellant's motion was pending, a single judge of the trial court held a hearing addressing Appellant's original post-sentence motion and denied Appellant's requested relief in his motion seeking reconsideration of his sentence.

On December 17, 2018, the *en banc* panel of the trial court filed a memorandum opinion holding that the current version of SORNA, as amended by Act 29, was punitive and therefore unconstitutional. The Commonwealth filed a motion for reconsideration, arguing that simply because Act 29 was punitive does not render it unconstitutional. The Commonwealth further noted that the *en banc* court's determination failed to identify the constitutional provision violated as a result of Act 29 being punitive.

On February 13, 2019, the trial court held a brief hearing and ordered the filing of additional briefs. The Commonwealth filed a brief on February 22, 2019, and Appellant filed a brief on February 25, 2019. On March 18, 2019, the *en banc* panel of the trial court filed an order clarifying the implications of the court's December 17, 2018 determination. Specifically, the trial court's March 18, 2019 order vacated the portion of the December 17, 2018 memorandum opinion that held Act 29 to be unconstitutional. The court further clarified that although punitive, Subchapter H of Act 29 is constitutional except as to SVP determinations.

Appellant filed this appeal on April 17, 2019. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

A. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated the United States Constitution and the enhanced protections under the Pennsylvania Constitution on its face and as applied?

B. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated the United States and Pennsylvania Constitution Due Process prohibition against ex post facto laws?

C. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated United States and Pennsylvania Constitutional Due Process protections because it deprives Appellant of the Right to Reputation under the Pennsylvania Constitution, it creates an irrebuttable presumption, treats all offenders universally as high-risk, violates individualized punishment, overly inclusive of offenders and charges, ignores reasonable alternative means exist to identify offender risk, denies any meaningful opportunity to be heard, exceeds the least restrictive means requirement, and otherwise violates substantive Due Process protections?

D. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violate the United States and Pennsylvania Constitutions as it constitutes cruel and unusual punishment where registration is based upon empirically false myths, fails to deter first time offenders, fails to reduce recidivism, threatens public safety, forces registrants and their families to suffer, creates an impassable barrier to reintegration into law-abiding society, and fails to address each offender individually?

E. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violate the United States and Pennsylvania Constitutions' Separation of Powers Doctrine, as it gave judicial powers to the Legislature and Pennsylvania State Police?

- 5 -

F. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated United States and Pennsylvania Constitutions' Due Process provisions as it increased the maximum sentence without proof beyond a reasonable doubt to a jury in violation of *Alleyne v. United States*, 570 U.S. 99 (2013), and that said provisions are not severable?

Appellant's Briefs at 4-5.

Prior to considering the issues set forth by Appellant, we first address the procedural posture of this matter as it implicates our jurisdiction. Indeed, the question of timeliness of an appeal is jurisdictional. *Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000).

Pursuant to Rule 903 of the Pennsylvania Rules of Appellate Procedure, "the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "[T]ime limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." *Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa. Super. 2007) (quotations and citation omitted). *See also* Pa.R.A.P. 105(b) ("the court may not enlarge the time for filing a notice of appeal").

Pa.R.Crim.P. 720 addresses post-sentence procedures and appeals and provides, in relevant part: "If the defendant files a timely post-sentence motion, the notice of appeal shall be filed … within 30 days of the entry of the order deciding the motion[.]" Pa.R.Crim.P. 720(A)(2)(a). In addition, Rule 720 permits the filing of supplemental post-sentence motions provided that the decision on the supplemental post-sentence motion can be decided within

the time limits set forth at Pa.R.Crim.P. 720(B)(3). Specifically, under Rule 720(B)(3)(a), "the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion." Further, "[i]f the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law." Pa.R.Crim.P. 720(B)(3)(a).

When a post-sentence motion is denied by operation of law, the clerk of courts is required to enter an order reflecting that the post-sentence motion is deemed denied and serve a copy of the order on the parties. Pa.R.Crim.P. 720(B)(3)(c). The comment to Rule 720 instructs that "[u]nder paragraph (B)(3)(a) [regarding time limits for the court's decision on a post-sentence motion], on the date when the court disposes of the motion, or the date when the motion is denied by operation of law, the judgment becomes final for purposes of appeal." Pa.R.Crim.P. 720, cmt. Rule 720(A)(2)(b) expressly links the timeliness of the notice of appeal to the date "of the entry of the order denying the motion by operation of law" and, pursuant to the plain language of the rule, the thirty-day period for filing a notice of appeal does not begin to run until the requisite order has been entered. Moreover, we have held that a clerk's failure to follow the dictates of Rule 720(B)(3)(c) constitutes a breakdown in the court system such that we may accept the untimely appeal. *See Commonwealth v. Braykovich*, 664 A.2d 133, 138 (Pa. Super. 1995) (construing prior version of Rule 720 and holding that where

the defendant fails to file his notice of appeal within thirty days of the date the post-sentence motion is deemed denied by operation of law, but the clerk of courts fails to "enter an order on behalf of the [trial] court ... [declaring] that the post-sentence motion [wa]s deemed denied," the notice of appeal is technically untimely; however, the clerk's failure to enter the requisite order constitutes "a breakdown in the court system" and authorizes the Superior Court to grant a *nunc pro tunc* appeal).

Our review of the record reflects that Appellant's judgment of sentence was entered on July 30, 2018. On August 8, 2018, Appellant filed a timely post-sentence motion seeking reconsideration of his sentence. Thus, the trial court had 120 days, or until December 6, 2018, in which to dispose of the post-sentence motion. Pa.R.Crim.P. 720(B)(3)(a). While the original motion was pending, Appellant filed, and the trial court accepted, a supplemental post-sentence motion on August 31, 2018, in which he challenged various aspects of SORNA. On November 29, 2018, the trial court denied Appellant's original post-sentence motion, but the supplemental post-sentence motion challenging SORNA remained pending. The 120-day period in which to address post-sentence motions tolled on December 6, 2018, without the trial court addressing Appellant's supplemental post-sentence motion. However, the clerk of courts neither entered nor served upon the parties an order reflecting that Appellant's supplemental post-sentence motion was denied by operation of law as required by Pa.R.Crim.P. 720(B)(3)(c). Consequently, the

trial court ruled on Appellant's supplemental post-sentence motion on December 18, 2018, and then on March 18, 2019, when it addressed the Commonwealth's motion for reconsideration/clarification. In light of the fact that the clerk of courts failed to follow the dictates of Rule 720(B)(3)(c), we hold that said failure constitutes a breakdown in the court system. **Braykovich**, 664 A.2d at 138. Accordingly, we conclude that the entry of the order on March 18, 2019, was the triggering mechanism for the purposes of this appeal, and we accept the notice of appeal filed by Appellant on April 17, 2019. **Id**.[1]

We next turn to the issues presented by Appellant. Herein, Appellant raises challenges to the constitutionality of the order requiring him to register under SORNA as a Tier III offender.

**Commonwealth v. Mickley**, 240 A.3d 957 (Pa. Super. 2020), instructs that the proper remedy is to remand for an evidentiary hearing on Appellant's challenges to SORNA. In **Mickley**, this Court observed that the appellant's constitutional challenges to SORNA were identical to arguments raised in **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020). The **Torsilieri**

---

[1] We note that Appellant purported to appeal from the trial court's March 18, 2019 order denying his supplemental post-sentence motions. In **Commonwealth v. Chamberlain**, 658 A.2d 395 (Pa. Super. 1995), we explained that "the order denying post-sentence motions acts to finalize the judgment of sentence for purposes of appeal. Thus, the appeal is taken from the judgment of sentence, not the order denying post-sentence motions." **Id**., at 397. We have corrected the caption accordingly.

Court did not reach the merits of any of the constitutional claims at issue, determining instead that the factual record was not sufficiently developed in the trial court. The Court in **Torsilieri** concluded that a remand was appropriate "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." **Id**. at 587. Based on **Torsilieri**, **Mickley** held:

> Here, despite defense counsel's attempt, no evidence was presented at the hearing on Mickley's post-sentence motion. Thus, in accordance with **Torsilieri**, we vacate the order denying Mickley's post-sentence motion and remand for a hearing at which the parties can present evidence for and against the relevant legislation determinations discussed above.

**Mickley**, 240 A.3d at 963; **see also Commonwealth v. Asher**, ___ A.3d ___, 2020 PA Super 293, at *4 (Pa. Super., filed December 21, 2020) (citing **Torsilieri** and **Mickley** and concluding that where the defendant preserved his constitutional challenges to SORNA, but trial court denied relief without developing factual record, remand was proper for hearing at which parties could present evidence for and against relevant legislative determinations).

Upon review of the record, we conclude that the same remedy is appropriate here. As noted by the Commonwealth, the SORNA issues raised by Appellant are the same as those raised in **Torsilieri**. Commonwealth's Brief at 15 n.9. At the *en banc* trial court hearing held September 17, 2018, Appellant's counsel noted that the record was not complete and sought to present into evidence various affidavits "relevant to the due process

challenges." N.T., 9/17/18, at 5. Appellant's counsel indicated the desire to create a record similar to ***Torsilieri***. N.T., 9/17/18, at 5-6. However, the Commonwealth was hesitant to stipulate to the admission of the evidence. After extensive discussion and a brief recess, the *en banc* court reached the following conclusion:

> We've decided [to] proceed with the remaining arguments but not proceed on the due process issue today, and we're ordering both sides to meet within ten days and to endeavor to see whether or not you can reach an agreement as to what the record will be, whether there will be a stipulation as to the admissibility of affidavits and curriculum vitae for experts for us to consider.
>
> The second thing we're asking you to meet and discuss is for what purpose are we to consider those expert reports. See if you can reach an agreement, and if you cannot, you'll let us know that as well and what your position is. And then we can decide how we proceed on the due process issue.

***Id***. at 32-33.

The record further reflects that the parties were not able to reach an agreement as requested. Moreover, the trial court failed to address the due process claims presented by Appellant in either its memorandum opinion entered on December 17, 2018, or in its subsequent order entered on March 18, 2019. Hence, the proper remedy under these circumstances is to remand for a hearing at which the parties can present evidence relating to Appellant's SORNA arguments.

Judgment of sentence affirmed. Order entered March 18, 2019, denying supplemental post-sentence motion vacated and case remanded for proceedings consistent with **Torsilieri**. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/21