J-S28025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICKY BARNES | : | |
| | : | |
| Appellant | : | No. 1832 EDA 2020 |

Appeal from the Judgment of Sentence Entered July 28, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001793-2019

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:               **FILED JANUARY 11, 2022**

Appellant, Ricky Barnes, appeals from the July 28, 2020 Judgment of

Sentence entered in the Philadelphia County Court of Common Pleas following

his conviction of Third-Degree Murder and Possessing an Instrument of Crime

("PIC").[1] Appellant challenges the weight and sufficiency of the

Commonwealth's evidence and the discretionary aspects of his sentence. After

careful review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although Appellant's Notice of Appeal characterizes his appeal as from the
August 27, 2020 Order denying his post-sentence motion, his appeal properly
lies from the July 28, 2020 Judgment of Sentence. ***See Commonwealth v.
Chamberlain***, 658 A.2d 395, 397 (Pa. Super. 1995) (order denying post-
sentence motion acts to finalize judgment of sentence; thus, appeal is taken
from judgment of sentence, not order denying post-sentence motion). ***See
also Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super.
2001). We have corrected the caption accordingly.

In the late hours of September 8, 2018, Appellant stabbed Oscar Smith, his housemate, multiple times in the Philadelphia rooming house where they lived. Darren Noble, who lived on an upper floor of the house, heard the commotion, and came downstairs to investigate. When he arrived, Noble saw both men in the hallway, which was covered in blood. Appellant was sitting on the floor, while Smith, who walked with a cane and relied on a pacemaker, was lying on the floor and bleeding profusely. Each man screamed at Noble that the other had stabbed him: Smith told Noble that Appellant had stabbed him in his back while he was sleeping in his bed, while Appellant accused Smith of attacking him.

It was immediately obvious to Noble, however, that "Smith[] had more physical wounds" than Appellant did. N.T. Trial, 1/22/20, at 72. Smith was "covered" in blood from stab wounds in his head, neck, and back. *Id.* at 73. Appellant, however, had no wounds on his body other than light "scratch marks" on his arms. *Id.* Noble also noticed a broken steak knife, its blade detached from its handle, on the floor by Smith's bedroom door. Noble tried to staunch Smith's bleeding with a rag; Appellant remained sitting on the floor and did not help him.

A guest in the house called 911, and Officers Clayton Baker and Timothy Grey of the Philadelphia Police Department arrived at the scene. They immediately recognized that Smith was in dire condition and attempted to administer emergency medical assistance. As they did, Appellant, who remained sitting in the hall, repeatedly told them "he stabbed me[,]" and

pointed to his arms as proof. *Id.* 117. The officers noted, however, that the scratches on his arms appeared too superficial to be caused by a stabbing.

The officers called an ambulance that transported Smith to the hospital and Officer Baker transported Appellant to the hospital. While Appellant was waiting for treatment, he told Officer Baker that Smith had attacked him with a knife and that, in response, Appellant had taken the knife from Smith and stabbed him. After hearing this story, Officer Baker placed Appellant under arrest.

Doctors treated Smith for two stab wounds in his upper back and two in the back of his scalp, along with lacerations on his hands and fingers. Despite their efforts, Smith ultimately died from his injuries.

The Commonwealth charged Appellant with First-Degree Murder, Third-Degree Murder, and PIC.[2] On January 22, 2020, Appellant waived his right to a jury trial and a two-day bench trial commenced. Daren Noble, Officer Baker, and Officer Grey, among other witnesses, testified on behalf of the Commonwealth to the above facts. The court admitted into evidence photographs taken by police depicting blood on the walls and carpet of Smith's bedroom and the hallway, and results of DNA testing that confirmed the presence of Smith's and Appellant's DNA on the murder weapon.

Appellant testified on his own behalf. He admitted that he caused the death of Smith but asserted that he only did so in response to Smith's

_____

[2] 18 Pa.C.S. § 2502(a) and (c), and § 907(a), respectively.

unprovoked attack on him. Appellant stated that he was walking through the hallway to the bathroom when Smith came out of his room and "intentionally bumped [Appellant] with his shoulder real hard." N.T. Trial, 1/23/20, at 11. Appellant testified that, when he asked Smith why he shoved him, Smith said "I just don't like you[,]" and then immediately "held up a knife in his right hand and began coming towards [Appellant] with the knife in his hand." *Id.* at 11. Appellant described Smith slashing him three times on his left arm before Appellant was able to knock the knife out of Smith's hand. According to Appellant, Smith then pinned him to the floor with his knee and put his forearm over Appellant, causing Appellant to "black[] out" and fear for his life. *Id.* at 13.

On January 23, 2020, the trial court found Appellant guilty of Third-Degree Murder and PIC and ordered a pre-sentence investigation report and a mental health evaluation. On July 28, 2020, the trial court sentenced Appellant to an aggregate standard range of 20 to 40 years' incarceration.

After the court restored Appellant's post-sentence rights *nunc pro tunc*, Appellant filed a post-sentence motion challenging the sufficiency and weight of the evidence, as well as the discretionary aspects of his sentence. On August 27, 2020, the court denied the motion.

On September 21, 2020, this timely appeal followed.[3] Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

Appellant presents the following issues:

1. Were [Appellant's] actions justified when Mr. Smith unprovokedly attacked him in the middle of the night and [Appellant] had the right to stand his ground?

2. Was the verdict against the weight of the evidence where [Appellant's] testimony that he was attacked was consistent with the physical evidence and was not contradicted by the remaining witnesses?

3. Did the sentencing court abuse its discretion by "double counting" [Appellant's] prior criminal history?

Appellant's Br. at 5.

**Sufficiency of the Evidence**

In his first issue, Appellant challenges the sufficiency of the Commonwealth's evidence. Specifically, he argues that "the evidence was insufficient to disprove that Mr. Barnes acted in self-defense." Appellant's Br. at 14.

"We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the

---

[3] A timely post-sentence motion will extend the appeal period for thirty days from the entry of an order denying the motion. Pa.R.Crim.P. 720(A)(2). Where the trial court expressly grants *nunc pro tunc* relief to file a post-sentence motion, the appeal period will toll as if the defendant had filed a timely post-sentence motion pursuant to Pa.R.Crim.P. 720(A)(1). **Commonwealth v. Dreves**, 839 A.2d 1122, 1129 (Pa. Super. 2003).

fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Miller**, 172 A.3d 632, 640 (Pa. Super. 2017) (citations and internal quotation marks omitted). In conducting this review, the appellate court may not weigh the evidence and substitute its own judgment for that of the fact finder, which is free to believe all, part, or none of the evidence. **Id.** A sufficiency of the evidence challenge contests whether the record supports the verdict, not whether the record supports the defendant's contentions. **Commonwealth v. Sinnott**, 30 A.3d 1105, 1110 (Pa. 2011).

When a defendant employs deadly force, the elements of a claim of self-defense are that the defendant (1) reasonably believed that force was necessary to protect himself against death or serious bodily injury; (2) was free from fault in provoking the use of force against him; and (3) did not violate any duty to retreat. **Commonwealth v. Mouzon**, 53 A.3d 738, 740 (Pa. 2012); **see also** 18 Pa.C.S § 505(b)(2) (pertaining to use of deadly force in self-protection). A defendant does not have a burden to prove a claim of self-defense. **Commonwealth v. Torres**, 766 A.2d 342, 345 (Pa. 2001). Once a defendant introduces "some evidence" to justify a finding of self-defense, the issue is properly before the fact-finder and the Commonwealth bears the burden to disprove the defense beyond a reasonable doubt. **Id.** The Commonwealth can satisfy this burden by disproving any of the elements of self-defense. **Mouzon**, 53 A.3d at 740-41.

In the instant case, Appellant's testimony that Smith attacked him first provided "some evidence" to support a finding of self-defense; thus, the

burden shifted to the Commonwealth to disprove Appellant's self-defense claim beyond a reasonable doubt.

In his brief, however, Appellant does not address the sufficiency of the Commonwealth's evidence that he did not act in self-defense. Instead, Appellant summarizes the evidence that he believes supports his self-defense claim, and concludes that this Court should vacate the judgment of sentence because "[t]he evidence presented at trial established that [Appellant] was justified in his actions." Appellant's Br. at 14-17. He does not explain why the Commonwealth's evidence was insufficient to disprove his self-defense claim.

Appellant is essentially making a weight of the evidence argument, which is distinct from a challenge to the sufficiency of the evidence. *See* ***Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000) (distinguishing between weight and sufficiency challenges). Appellant has, therefore, waived this claim. ***See Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (failure to present a sufficiently developed argument will result in waiver).

Even if the claim were not waived, Appellant's claim would nonetheless fail because the Commonwealth presented sufficient evidence to disprove the self-defense claim. As the trial court set forth in its 1925(a) Opinion, "the incontrovertible physical evidence presented at trial precludes any reasonable finding of self-defense in this case[,]" and makes "clear that [Appellant's] self-defense claim was wholly fabricated and presented . . . in an attempt to limit his own culpability for a truly malicious act of violence." Trial Ct. Op., at 8.

The evidence showed that Smith had multiple, deep stab wounds in his back and rear scalp, which were consistent with Appellant attacking him from behind. Conversely, the superficial scratches on Appellant's arms were consistent with the kinds of injuries caused by an unarmed victim attempting to defend himself against an assailant. The court also noted that the photographs showing Smith's bedroom covered in blood corroborated Smith's account of Appellant attacking him in his bedroom. Additionally, Daren Noble testified that Smith told him that Appellant stabbed him unprovoked. *See* N.T., Trial, 1/22/20, at 73, 108.

After reviewing the record, we agree with the trial court. There was sufficient evidence for the trial court to conclude that Appellant himself, despite his self-serving testimony to the contrary, stabbed Smith unprovoked, without any reasonable belief that he was in imminent danger of death or serious bodily injury that necessitated the use of force. Thus, even if it were not waived, Appellant's first issue would garner no relief.

**Weight of the Evidence**

In his second issue, Appellant argues that the verdict was against the weight of the evidence because Appellant "testified to Mr. Smith's unprovoked attack," and "[t]he Commonwealth offered nothing to the contrary, and even the physical evidence corroborated [Appellant's] account of the fight." *Id.* at 17.

It is well-settled that the factfinder is the exclusive judge of the weight of the evidence and is free to believe all, part, or none of the evidence

presented and to determine the credibility of witnesses. ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003). We cannot substitute our judgment for that of the factfinder. ***Id.***

Where, as here, the trial court has ruled on the weight claim below, an appellate court's role is not to reconsider the underlying question of whether the verdict is against the weight of the evidence; rather, appellate review is limited to whether the trial court abused its discretion when ruling on the post-sentence motion. ***Commonwealth v. West***, 937 A.2d 516, 521 (Pa. Super. 2007). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." ***Commonwealth v. Talbert,*** 129 A.3d 536, 546 (Pa. Super. 2015) (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." ***Id.*** (citation omitted).

Therefore, in an appeal based on the weight of the evidence, we will only grant a new trial when the "verdict is so contrary to the evidence as to shock one's sense of justice[.]" ***Commonwealth v. Morales***, 91 A.3d 80, 91 (Pa. 2014) (citations omitted). Reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" ***Id.*** (citations and emphasis omitted).

Finally, "a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014) (citation omitted). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner and it may instead use its discretion in concluding whether the verdict was against the weight of the evidence. *Widmer*, 744 A.2d at 751 n.3.

In its 1925(a) Opinion, the trial court explained that, "[d]ue to the irreconcilable inconsistencies between [Appellant's] self-defense claim and the unchallenged physical evidence" suggesting that Appellant stabbed Smith from behind in Smith's bedroom, the court, "as the fact-finder, could not give much, if any, weight to [Appellant's] justification defense." Trial Ct. Op., at 10. Accordingly, "the weight of the evidence clearly balanced the scale in favor of the conviction[.]" *Id.*

After reviewing the record, we discern no abuse of discretion in the trial court's denial of Appellant's challenge to the weight of the evidence. As the factfinder, the trial court was entitled to believe all, part, or none of the evidence presented at trial, make its own credibility determinations regarding testimony, and weigh the evidence as a whole to reach its verdict.

Appellant argues that, because "the Commonwealth presented no evidence to show that [Appellant] was the aggressor[,]" the DNA tests of the knife revealed Smith's DNA on the handle, and the police photographs showed no blood in Smith's bed, "only conjecture and surmise would tend to indicate

that [Appellant] initiated the fight or engaged for any reason other than to save his own life." Appellant's Br. at 19. As a result, he concludes, the evidence "was so tenuous, vague, and uncertain that the verdict shocked the conscience." *Id.*

Contrary to Appellant's assertion, the Commonwealth did present evidence that Appellant was the aggressor. The trial court, thus, acted within its discretion in discounting Appellant's self-serving testimony regarding the encounter and according more weight to the evidence establishing Appellant as the aggressor.

Our review discerns no abuse of the court's discretion and the verdict is not contrary to the weight of the evidence or so vague, uncertain, or tenuous as to shock the Court's conscience. Appellant's weight claim, thus, merits no relief.

**Discretionary Aspects of Sentencing**

In his final issue, Appellant argues that the sentencing court abused its discretion when it "double counted" his criminal record by considering it as an aggravating factor when the sentencing guidelines already take it into account. Appellant's Br. at 19.[4] This claim implicates the discretionary aspects of his sentence. *See Commonwealth v. Clemat*, 218 A.3d 944, 959 (Pa. Super. 2019) ("'double counting' [claim] presents a challenge to the discretionary aspects of Appellant's sentence").

---

[4] We note that Appellant's sentence fell under the standard range recommended by the sentencing guidelines. Trial Ct. Op., at 12.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and we therefore consider them as petitions for allowance of appeal. *Id.*; 42 Pa.C.S. § 9781(b). An Appellant must preserve an appeal to the discretionary aspects of his sentence by, among other things, raising the issue at sentencing or in a post-sentence motion. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003).

The Pennsylvania Rules of Criminal Procedure require any post-sentence motion to state grounds for relief "with specificity and particularity[.]" Pa.R.Crim.P. 720(B)(1)(a). Raising only a broad challenge to a sentence as excessive, without articulating the specific reasons for the challenge, results in waiver because it deprives the sentencing court of an opportunity to consider the challenge and, if necessary, correct its errors. **See** Pa.R.A.P. 302 ("Issues not raised in the lower court are waived"); **Mann**, 820 A.2d at 794 (finding that appellant waived discretionary aspects of sentencing claim where his boilerplate post-sentence motion failed to state basis of challenge with specificity and particularity).

Appellant's post-sentence motion challenging the discretionary aspects of his sentence states, in its entirety: "[Appellant] hereby requests reconsideration of sentence based on the manifestly unjust and excessive sentence imposed upon [Appellant] by the court. Further, the court abused its discretion in imposing such an extremely excessive sentence." Post Sentence Motions Nunc Pro Tunc [*sic*], Aug. 26, 2020, at ¶ 2.

This boilerplate assertion makes no reference to the double-counting argument that Appellant raises now for the first time in his brief. As a result, the sentencing court could not consider, and did not address, the issue underlying Appellant's sentencing challenge. By depriving the trial court of an opportunity to address his argument, Appellant has waived the issue. Appellant's final claim, thus, fails to garner relief.

**Conclusion**

Having found Appellant's issues either waived or meritless, we affirm his Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2022