**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| BRUCE KEVIN MYERS | : | |
| | : | |
| Appellant | : | |
| | : | No. 1194 MDA 2025 |

Appeal from the Judgment of Sentence Entered August 20, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001427-2023

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.:                **FILED: JUNE 25, 2026**

Bruce Kevin Myers ("Myers") appeals from the judgment of sentence imposed by the Luzerne County Court of Common Pleas ("trial court") following his guilty plea to four counts of endangering the welfare of children. On appeal, Myers challenges the discretionary aspects of his sentence.  We affirm.

On April 3, 2023, the National Center for Missing and Exploited Children sent a tip to the police about uploaded images of child pornography from the home of Myers and his wife, Cheryl Myers ("Cheryl").  On May 4, 2023, police executed a search warrant on the home.  During the search, they discovered both adults, along with their four minor foster children, living in a home filled with large amounts of garbage, rotten food, animal feces, and dirty clothes scattered throughout the house.  They also found one child lying naked in a

pile of garbage. The home was deemed unfit for human habitation, the children were taken into protective custody, and police arrested Myers and Cheryl.

The Commonwealth subsequently charged Myers with two counts of possession of child pornography, one count of criminal use of communication facility, and four counts each of endangering the welfare of children and recklessly endangering another person. The Commonwealth separately charged Cheryl.[1]

The trial court scheduled a jury trial on June 16, 2025. However, on that date, Myers agreed to plead guilty to four counts of endangering the welfare of children, each graded as a felony of the third degree, in exchange for the Commonwealth agreeing to withdraw the remaining charges. The parties did not agree to a sentence. The trial court accepted the plea and deferred sentencing for the completion of a presentence investigation report. On August 20, 2025, the trial court sentenced Myers to consecutive prison terms of 9 to 30 months of incarceration on each of the four counts, for an aggregate sentence of 36-120 months in prison.

_____

[1] Cheryl pled guilty to four counts of recklessly endangering another person, and one count of endangering the welfare of children. Trial Court Opinion, 10/21/2025, at 1 n.1; **see also** N.T., 8/20/2025, at 3. According to Myers' counsel, the trial court sentenced her to "24 months [in an intermediate punishment program] with the first 8 months on house arrest and with 12 months' probation on each of the other ones to run consecutive to each other." N.T., 8/20/2025, at 3.

Myers, through counsel, filed a timely post-sentence motion, which the trial court denied. Counsel then timely filed a notice of appeal on Myers' behalf.[2]

Myers presents the following issues for our review:

1. Whether the trial court abused its discretion by sentencing Myers to three to ten years [of] imprisonment when the trial court sentenced [Cheryl] to house arrest and probation for the same conduct and failed to state the reasons for the disparate sentences on the record?

2. Whether the trial court abused its discretion by sentencing Myers to multiple consecutive sentences at the high end of the standard range when all charges were based upon the same criminal conduct?

Myers' Brief at 5 (unnecessary capitalization omitted).

Myers argues that the trial court abused its discretion by imposing an excessive sentence. This claim implicates the discretionary aspects of his sentence.[3] *See Commonwealth v. Bishop*, 831 A.2d 656, 660 (Pa. Super.

_____

[2] Before the trial court ruled on the counseled motion, Myers filed a pro se post-sentence motion to modify his sentence and a pro se notice of appeal. After the trial court denied the counseled post-sentence motion, it scheduled hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) to determine whether Myers wished to continue with counsel or represent himself. Myers ultimately declined to proceed pro se. As Myers' initial pro se appeal was taken prematurely, we consider his counseled notice of appeal to be the operative appeal before this Court. *See Commonwealth v. Chamberlain*, 658 A.2d 395, 397 (Pa. Super. 1995) (stating that an appeal in criminal cases properly lies following the denial of the post-sentence motion).

[3] Because Myers entered an open guilty plea, he may challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020).

2003) (a claim that the trial court imposed a manifestly excessive sentence "is a challenge to the discretionary aspects of the sentence"). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Baker*, 311 A.3d 12, 18 (Pa. Super. 2024) (citation omitted). To invoke this Court's review, Myers must satisfy the following four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (brackets and citation omitted). A substantial question is determined on a case-by-case basis and exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either; (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McCain*, 176 A.3d 236, 240 (Pa. Super. 2017) (quotation marks and citation omitted). A "substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable." *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Here, Myers filed a timely appeal and raised the claims for which he seeks review in a post-sentence motion. Myers also provided a Rule 2119(f)

statement in his brief, wherein he contends the trial court abused its discretion by sentencing Myers to a longer prison sentence than Cheryl for the same conduct without giving adequate reasoning, and imposing consecutive sentences, which resulted in an excessive sentence that was disproportionate to the nature of the criminal conduct. *See* Myers' Brief at 12, 15. Both claims raise substantial questions for our review. ***See Commonwealth v. Mastromarino***, 2 A.3d 581, 589 (Pa. Super. 2010) (stating that disparate sentences between co-defendants raises a substantial question); ***Commonwealth v. Moury***, 992 A.2d 162, 171-72 (Pa. Super. 2010) (holding that a claim that an aggregate sentence is unduly harsh in light of the nature of the crimes raises a substantial question). Accordingly, we will review the merits of Myers' claims.

> Our standard of review is well established:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Campbell***, 347 A.3d 707, 718 (Pa. Super. 2025) (citation omitted). In addition to the abuse of discretion standard, our review is confined by section 9781(c) and (d) of the Sentencing Code:

> **(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.--**In reviewing the record the appellate court shall have regard for:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant

(2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation

(3) the findings upon which the sentence was based.

(4) the guidelines promulgated by the commission.

42 Pa.C.S. § 9781(c), (d).

If the trial court was informed by a presentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been informed, its discretion should not be disturbed."[4]  ***Commonwealth v. Miller***, 275 A.3d 530, 535

---

[4] The sentencing factors include "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the
*(Footnote Continued Next Page)*

(Pa. Super. 2022); *see also Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019) (noting that where "the sentencing court had a benefit of a presentence investigation report [], we can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (citation and quotation marks omitted).

We will address Myers' claims together. Myers argues that the trial court abused its discretion by sentencing Myers to a more severe sentence than Cheryl for crimes that arose out of the same conduct. Myers' Brief at 13. He contends that the trial court failed to state any reasons on the record during the sentencing hearing to justify the disparate sentence. *Id.*; *see also id.* (stating that the trial court's reasoning in its Rule 1925(a) opinion does not remedy the error of failing to place reasons on the record). Myers observes that he pled guilty to only four crimes, whereas Cheryl pled guilty to five crimes, and Cheryl admitted to causing a risk of serious bodily injury or death to the children. *Id.* at 13-14. Myers further claims that his charges were graded as third-degree felonies because of the age of the children based on the agreement offered by the Commonwealth; however, Cheryl was offered a plea deal which graded the same conduct as a first-degree misdemeanor for

_____

community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "The balancing of these [s]ection 9721(b) sentencing factors is within the sole province of the sentencing court." *Baker*, 311 A.3d at 19.

endangering the welfare of children. *Id.* at 14. Myers argues that trial court should have imposed a sentence that was "proportionate" to Cheryl's sentence. *Id.*

He additionally argues that trial court imposed an excessive sentence for the crimes he committed, as he was sentenced consecutively "for having a dirty house." *Id.* at 15-16; *see also id.* at 16 (admitting that his sentences were in standard range, albeit at the higher end). Myers contends that he had no prior criminal history and thus should have received a lesser sentence. *Id.* at 16.

The record reflects that, in sentencing Myers, the trial court considered a presentence investigation report and the sentencing guidelines. N.T., 8/20/2025, at 2, 5-6; *see also id.* at 6 (noting the standard range for the sentences was three to twelve months in prison). The trial court explained that although Myers accepted responsibility for his actions, the victims in the case were children. *Id.* at 5-6. The court noted that Myers' crimes would have a lasting impact on the children, including counseling and therapy. *Id.* at 6. The trial court also highlighted Myers' rehabilitative needs, concluding he would benefit from mental health counseling. *Id.* Recognizing the gravity of the offenses and the need to protect the public from this conduct, the court sentenced Myers to nine to thirty months for each conviction, to be served consecutively, within the standard range of the guidelines for each offense.

*Id.* at 6-7. It stated that any lesser sentence would have diminished the serious nature of the offenses. *Id.* at 6.

We conclude that the trial court did not abuse its discretion in sentencing Myers. Initially, the trial court is not bound to impose an identical sentence on all participants of a crime. *See Commonwealth v. Ali*, 197 A.3d 742, 764 (Pa. Super. 2018) ("a defendant is not entitled to the same sentence as that imposed on another person involved in the same crime."). Instead, "a sentencing court must give reasons particular to each defendant explaining why they received their individual sentences." *Id.* (citation omitted). Our review of the record supports a finding that reflects the court's individualized approach in sentencing Myers. *See Commonwealth v. Bartic*, 303 A.3d 124, 139 (Pa. Super. 2023) ("[A] trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender") (quotation marks and citation omitted). The trial court was informed by presentence investigation report and further expressed consideration of the seriousness of the crimes, the protection of the public, and Myers' rehabilitative needs. *See Miller*, 275 A.3d at 535.

Additionally, where, as here, the "sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171. And the law is clear that it

is in the trial court's sole discretion to impose sentences consecutively or concurrently. **See Commonwealth v. Bankes**, 286 A.3d 1302, 1310 (Pa. Super. 2022) ("[W]e will not disturb consecutive sentences unless the aggregate sentence is grossly disparate to the defendant's conduct, or viscerally appears at patently unreasonable.") (cleaned up).

Based upon our review of the record, the arguments raised by Myers, and the relevant law, we do not find Myers' sentence to be patently unreasonable and conclude there is no basis to overturn the trial court's sentencing decision. **See** 42 Pa.C.S. § 9781(c), (d). We therefore conclude the Myers is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/25/2026

- 10 -